**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **Child A and Child B, minors, by and through their Parents and Next Friends, NICOLE GAITHER and JONATHAN GAITHER, and NICOLE GAITHER, individually, and JONATHAN GAITHER, individually,** )<br>)<br>)<br>)<br>)<br>)<br>) | |
| **Plaintiffs,** ) | |
| ) | |
| v.   ) | CIV-08-145-R |
| ) | |
| **ALLSTATE INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

**O R D E R**

Before the Court is Defendant Allstate Insurance Company's motion for summary judgment on Plaintiffs' Complaint. Based upon the assertedly undisputed facts, Defendant seeks summary judgment on Plaintiffs' breach of contract claim relating to medical payments coverage on the ground that Defendant has paid all medical bills incurred by the Plaintiffs as a result of the September 18, 2005 incident and submitted by Plaintiffs to Defendant. Defendant also seeks summary judgment on Plaintiffs' claim for breach of contract based upon Defendant's failure to pay Plaintiffs uninsured motorist coverage benefits on the grounds that the injuries of Plaintiffs Nicole Gaither and her minor son, Child B, did not arise out of the operation, maintenance or use of a motor vehicle (by an uninsured motorist) and that there was no causal connection between the Plaintiffs' injuries and the transportation

nature of the car, citing Safeco Insurance Co. of America v. Sanders, 803 P.2d 688 (Okla. 1990); Mayer v. State Farm Mutual Automobile Insurance Co., 944 P.2d 288 (Okla. 1997) and Narvaez v. State Farm Mutual Automobile Insurance Co., 989 P.2d 1051 (Okla. Civ. App. 1999). Additionally or in the alternative, Defendant Allstate asserts that the assailant's, Ramirez's actions, constituted "acts of independent significance, breaking the chain of causation between the use of the vehicle and Plaintiffs' injuries." Motion for Summary Judgment at p. 19. In other words, Defendant maintains that Ramirez's criminal acts were the supervening cause of Plaintiffs' injuries. Therefore, it asserts, under the terms of the insurance contract and Oklahoma law, Plaintiffs' injuries do not arise out of the ownership, maintenance or use of an uninsured motor vehicle and it is entitled to summary judgment on Plaintiffs' breach of contract claim relating to UM coverage. Finally, Defendant asserts that it is entitled to summary judgment on Plaintiffs' bad faith claim because based upon the undisputed facts of the incident, the terms of the insurance policy, Oklahoma's UM statute and Oklahoma case law, its position that Plaintiffs' bodily injuries did not arise out of the ownership, maintenance or use of an uninsured automobile was reasonable and legitimate as a matter of law.

Plaintiffs in response have submitted evidence that they submitted medical bills to Defendant on February 21, 2008 which they contend have not been paid and on this basis maintain that Defendant is not entitled to summary judgment on the breach of contract claim relating to medical payments. They further assert that it is undisputed that the Plaintiffs suffered injury as a result of the September 18, 2005 incident and that their injuries were

caused by an "accident," citing <u>Safeco Insurance Co. of America v. Sanders</u>, *supra*. They further assert that because the injuries sustained by Plaintiffs Nicole Gaither and Child B occurred while they were inside their vehicle struggling with Ramirez to prevent themselves from being taken hostage and because Ramirez's entire contact with the Plaintiffs was for the purpose of stealing their vehicle to flee the scene, Plaintiffs' injuries were connected to the use of the vehicle and the use of the vehicle was related to its transportation nature. Plaintiffs state that "[w]ere it not for the fact that Ramirez needed a vehicle to flee police, Plaintiffs would not have been injured." Response Brief at p. 15. At a minimum, Plaintiffs posit, whether Ramirez's use of the vehicle related to its transportation nature presents a fact question for the jury. Plaintiffs assert that Defendant's reliance on the cases it cites is misplaced because those cases are factually or legally inapposite and when the chain of events test of <u>Oklahoma Farm Bureau Mutual Insurance Co. v. Mouse</u>, 268 P.2d 886 (Okla. 1953), is applied, it is clear that Plaintiffs' injuries arose out of <u>their</u> use of their motor vehicle. They also assert that Ramirez's actions did not constitute an act of independent significance which broke the chain of causation between the use of the vehicle and Plaintiffs' injuries because in contrast to what occurred in <u>Sanders</u>, *supra*, Plaintiffs' assailant was attempting to provide himself transportation in order to escape from police at the time Plaintiffs were injured. They argue that whether the chain of causation was broken by Ramirez's acts is an issue of fact, citing <u>Willard v. Kelley</u>, 803 P.2d 1124 (Okla. 1990) and <u>Byus v. Mid-Century Insurance Co.</u>, 912 P.2d 845 (Okla. 1996), because carjacking is so common (citing statistics) as to be foreseeable.

Finally, Plaintiffs assert that summary judgment on their bad faith claim would be premature because they have not had the opportunity to conduct discovery, including that directed to what Defendant's knowledge and belief was at the time it denied Plaintiffs' claim and as to whether Defendant conducted an adequate investigation before denying Plaintiffs' claim. Plaintiffs also assert that they will be prejudiced by responding to Defendant's motion directed to their bad faith claim before conducting discovery. They point out that the attorney who filed their first state court action was arrested for armed robbery of a pharmacy within months after he voluntarily dismissed their action and dove head-first from the fifth floor of a hospital while undergoing psychological testing shortly thereafter to suggest that their former counsel was impaired during his handling of Plaintiffs' claim.

Plaintiffs have submitted a letter dated February 21, 2008, after this suit was filed, from their counsel to Defendant's counsel purporting to enclose "copies of medical bills that have not been paid under the Gaither's Medical Payments policy." Exhibit "4" to Plaintiffs' Response. However, Plaintiffs have submitted no evidence showing that the bills for x-rays, emergency room visits and lab tests, including pregnancy tests, in 2006 were reasonable expenses incurred by Plaintiff Nicole Gaither for bodily injury while in or getting out of a motor vehicle. Accordingly, the "evidence" submitted by Plaintiffs does not create a genuine issue of material fact as to whether Defendant paid all of Plaintiffs' medical bills for medical expenses incurred by them as a result of bodily injuries they sustained on September 18, 2005 in the incident in question or as to whether Defendant breached its contract with Plaintiffs as it pertains to Medical Payments coverage.

The uninsured motorist coverage insuring clause in Plaintiffs' policy of insurance with Defendant provides as follows:

> **Uninsured Motorists Insurance**
> **Coverage SS**
> **General Statement of Coverage**
> If a premium is shown on the Policy Declarations for Uninsured Motorists Insurance, we will pay damages which an **insured person** is legally entitled to recover from <u>the owner or operator of an uninsured auto</u> because of: **bodily injury** sustained by an insured.
>
> The bodily injury must be caused by accident and arise out of the ownership, maintenance, or use of an uninsured auto.
>
> Allstate Policy (Exhibit "4" to Motion) at p. 12<br>(emphasis added).

It is undisputed that Plaintiffs Nicole Gaither and Child B sustained injuries in the September 18, 2005 incident. It is also undisputed that their injuries were caused by an "accident" when that term is viewed from the standpoint of the insureds. See Mayer v. State Farm Mutual Automobile Insurance Co., 944 P.2d 288, 290 (Okla. 1997); Safeco Insurance Company of America v. Sanders, 803 P.2d 688, 694 (Okla. 1990). However, the Court concludes that under the undisputed facts herein, Plaintiffs' injuries did not "arise out of the . . . use of an uninsured auto." It is undisputed that the assault and battery upon Plaintiff Nicole Gaither occurred when Nicole was outside the Gaither's vehicle while Ramirez attempted to wrest the car keys from her and/or while she was partially outside and partially in the vehicle attempting to remove Child B from his car seat and that the injuries to Child B occurred when Ramirez jumped on top of Child B getting into the Gaithers' vehicle. It is also undisputed that Plaintiffs' injuries occurred as a result of Ramirez's intent to steal

Plaintiffs' vehicle to flee from police and during Ramirez's attempt, which was ultimately successful, to steal Plaintiffs' vehicle to use it for transportation purposes. However, the Plaintiffs' injuries did not arise out of Ramirez's use of Plaintiffs' vehicle. Their injuries occurred before Ramirez used their vehicle. While their injuries arose out of or were causally connected to Ramirez's intent to steal and intent to use their vehicle, they were not causally connected to Ramirez's operation or use of their vehicle. See Mayer v. State Farm, 944 P.2d at 291 (the law requires "that *the uninsured vehicle be in use as a motor vehicle at the time of injury.*"); Narvaez v. State Farm Mutual Automobile Insurance Co., 989 P.2d 1051, 1052-53 (Okla. Civ. App. 1999) (noting the requirement that the uninsured vehicle be in use as a motor vehicle at the time of injury and concluding that the plaintiff could not recover UM benefits when his injuries occurred as he was assaulted and robbed of his car keys before his assailant gained control of and began operating the plaintiff's minivan). See generally Safeco Insurance Co. of America v. Sanders, 803 P.2d 688 (injury arises out of the use of a motor vehicle as contemplated by Okla. Stat. tit. 36, § 3636 when the facts establish that a motor vehicle or any part of the motor vehicle is the dangerous instrumentality which starts the chain of events leading to the injury, so a two-pronged test of whether the use of the vehicle is connected to the injury and whether that use is related to the transportation nature of the vehicle applies to determine whether an injury is within UM coverage contemplated by § 3636). Therefore, Defendant is entitled to summary judgment on Plaintiffs' breach of contract claim related to UM benefits.

Defendant is also entitled to summary judgment on Plaintiffs' bad faith claim. At a minimum, there was a legitimate dispute over whether UM coverage was applicable to Plaintiffs' injuries because, at a minimum, there was a legitimate dispute as to whether Plaintiffs' injuries arose out of the "use of an uninsured auto." Defendant's position that they did not was reasonable as a matter of law. See above.

Moreover, it is undisputed that Defendant took a recorded statement from Plaintiff Nicole Gaither on October 27, 2005. See Exhibit "2" to Motion. It is also undisputed that as part of Defendant's investigation of the Plaintiffs' claim for UM coverage it sought and obtained a legal opinion as to whether UM coverage applied to the injuries sustained by Plaintiffs Nicole Gaither and Child B in the September 18, 2005 incident. Defendant received a legal opinion based upon a correct description of the relevant facts and review of extant case law that UM coverage did not apply by letter dated November 30, 2005. See Exhibit "16" to Motion. It is also undisputed that by letter dated February 6, 2006, Defendant informed Plaintiffs that the injuries in question did not relate to operation of a car and thus that UM coverage did not apply to the injuries. It is true, as Plaintiffs state, that "a legitimate dispute as to coverage will not act as an impenetrable shield against a valid claim of bad faith," Timberlake Construction Co. v. USF&G Co., 71 F.3d 335, 343 (10th Cir. 1995) (citing Timmons v. Royal Globe Ins. Co., 653 P.2d 907 (Okla. 1982)), and that "an inadequate investigation may give rise to a reasonable inference of bad faith by the insurer." Willis v. Midland Risk Ins Co., 42 F.3d 607, 613 (10th Cir. 1994). However, the Court concludes that Defendant's investigation was adequate as a matter of law. Defendant

7

obtained Plaintiff Nicole Gaither's recorded statement describing the events in question and Plaintiffs do not now claim her statement was erroneous in any regard.  Indeed, the undated written statement of Plaintiff Nicole Gaither submitted by Plaintiffs, see Exhibit "17" to Plaintiffs' Response, does not differ in any material respect from her description of the September 18, 2005 incident in her recorded statement.  Before denying the UM claim, Defendant obtained a legal opinion concerning UM coverage that considered the policy provisions, the statute and governing case law.  Even accepting as true that Plaintiffs have not had an opportunity to conduct discovery directed to Defendant's "knowledge and belief" preceding its denial and when it denied the UM claim, see Plaintiffs' Response at p. 25, in light of the record Plaintiffs could not by conducting discovery create a genuine issue of material fact as to their bad faith claim.  They would simply prolong the inevitable.

Plaintiffs complain that the Court denied their motion to amend as dilatory and futile. To the extent the Court was wrong as to the statute of limitations applicable to their claims against Ramirez, Plaintiffs have not been prejudiced because they can file suit against him in state court.

In accordance with the foregoing, Defendant's motion for summary judgment on Plaintiffs' Complaint is GRANTED.

**IT IS SO ORDERED this 19th day of May, 2008.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE